UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Oakland Family Restaurants, Inc., a Michigan Corporation, Lake Area Restaurants, Inc., a Michigan Corporation,

    Plaintiffs,

vs

American Dairy Queen Corporation, a Delaware Corporation,

    Defendant.

Case No. 2:21-CV-12530-TGB
Honorable Terrence G. Berg

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the Joint Motion for Entry of Stipulated Protective Order filed jointly by the Plaintiffs Oakland Family Restaurants, Inc. and Lake Area Restaurants, Inc. and Defendant American Dairy Queen Corporation (collectively, the "Parties"). The Court, having reviewed the motion and being duly advised, finds good cause for the entry of this Stipulated Protective Order.

The Parties anticipate production of responsive documents relating to trade secrets; confidential business operations and commercial information regarding the Dairy Queen® franchise system; identification of customers or business partners; amount or source of any income, profits, losses, or expenditures, or of information concerning the production, marketing, sales, shipments, purchases, pricing, or

1

transfers of the producing party; personal address or telephone information of any individuals; or other proprietary information or information not otherwise publicly known or available, the disclosure of which (i) is likely to have the effect of harming the competitive position of the producing party, (ii) would violate an obligation of confidentiality to a third person, or (iii) would violate the privacy of any third party. Consequently, the Parties have stipulated to this order to establish protections within the discovery process to avoid the withholding of documents based upon these objections. The Parties acknowledge that the protections set forth in this protective order are reasonable and sufficient to ensure against misuse of any such information within this litigation.

This Order governs the disclosure of discovery materials by Parties to this action, as well as third-party discovery respondents, each of whom will be referred to throughout the remainder of this order as a "Party" or "Parties" unless specifically stated otherwise. The entry of this Order does not prejudice the rights of any third-party respondent to discovery who may (at their election) avail themselves of the protections and procedures provided by this Order or to move for any other form of protection which they deem fit as provided by the Federal Rules.

The Parties, through their respective counsel, agree as follows:

1. <u>Confidential Information</u>.  Any document or thing that a party reasonably and in good faith believes to contain information protected from

disclosure under Fed. R Civ. P. 26 and that is not publicly available (such as confidential business operations and commercial information regarding the Dairy Queen® franchise system and other commercial or sensitive information as otherwise described herein) ("Confidential Information") may be produced by that party with the clear and obvious designation "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. <u>Non-Disclosure of Confidential Information</u>. Any document or thing designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may be used only to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

   a. The named Parties in this case, their respective officers, directors, attorneys, and support staff (e.g., copying and document management personnel).

   b. Independent experts or consultants engaged by a Party's attorneys to assist in the preparation and trial of this case and who are not (a) current employees, officers, members, directors, or partners of any party, affiliates of any party, or attorneys of any party or its affiliates, (b) absent prior written consent from the opposing party (not to be unreasonably withheld) or court approval, former employees, officers, members, directors, or partners of any party, affiliates of any party, or attorneys of any party or its affiliates, or (c) absent prior written consent from the opposing party (not to be unreasonably withheld) or court approval, current employees, officers, members, directors, or partners of any competitors or consultants of such competitors. Any expert or consultant to whom confidential information is disclosed must agree to abide by the terms of this Stipulated Protective Order by signing Exhibit A.

    c. Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Stipulated Protective Order.

    d. A person shown on the face of the document to have authored or received it.

    e. This Court and its staff members.

3. <u>Attorneys'-Eyes-Only Information</u>.  As used in this Order, "Attorneys' Eyes Only" means information designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" by the producing party. A Party may designate a document as "Attorneys' Eyes Only" if the Party contends that it contains information that should be protected from disclosure to a party, such as, for example, information that reflects trade secrets, confidential business plans or strategy, confidential company financial information, or other sensitive and confidential competitive information.

4. <u>Non-Disclosure of Attorneys' Eyes Only Information</u>.  The following persons shall have access to Attorneys' Eyes Only material marked "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER":

    a. Independent experts or consultants engaged by a Party's attorneys to assist in the preparation and trial of this case and who are not (a) current employees, officers, members, directors, or partners of any party, affiliates of any party, or attorneys of any party or its affiliates, (b) absent prior written consent from the opposing party (not to be

      unreasonably withheld) or court approval, former employees, officers, members, directors, or partners of any party, affiliates of any party, or attorneys of any party or its affiliates, or (c) absent prior written consent from the opposing party (not to be unreasonably withheld) or court approval, current employees, officers, members, directors, or partners of any competitors or consultants of such competitors. Further any expert or consultant to whom confidential information is disclosed must agree to abide by the terms of this Stipulated Protective Order by signing Exhibit A, executed copies of which shall be served on all parties.

    b. Deposition witnesses in this action to whom disclosure is reasonably necessary, but only after such persons have agreed to abide by the terms of this Stipulated Protective Order by signing Exhibit A, executed copies of which shall be served on all parties. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Material pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. Witnesses shall not retain a copy of documents containing Attorneys' Eyes Only material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

    c. A person shown on the face of the document to have authored or received it.

    d. This Court and its staff members.

5.   <u>Deposition Testimony</u>. Portions of depositions of an individual party or a party's present and former officers, directors, employees, agents, experts, and representatives may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY when the deposition is taken. In addition, whether or not designations are made at the time of a deposition, upon receipt of the deposition transcript, a party may designate portions of the transcript as CONFIDENTIAL or ATTORNEYS'

EYES ONLY and notify the other party of the designation within thirty (30) days of the designating party's receipt of the deposition transcript.

6. <u>Motion Practice</u>.  All documents, testimony, and information designated as "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER" that are submitted to the Court Clerk as part of a motion or other paper shall be filed pursuant to Local Rule 5.3.

This order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth:

  a. the authority for sealing;

  b. an identification and description of each item proposed for sealing;

  c. the reason that sealing each item is necessary;

  d. the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing;

  e. a memorandum of legal authority supporting sealing.

7. <u>Discovery from Third Parties</u>.  This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit.

6

Third parties may designate information produced as "Confidential" or "Attorneys' Eyes Only," only after agreeing to be bound by the terms of this Order.

8. <u>Challenging "Confidential" or "Attorneys' Eyes Only" Designations</u>. Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or attorneys' eyes only under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

9. <u>Trial Testimony</u>. This Protective Order shall not govern proceedings at trial.

10. <u>Termination of Lawsuit</u>. All documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential. Outside counsel for the receiving party may retain one copy of each document (regardless of its designation), pleading, trial exhibit, deposition exhibit,

work product, and transcript for archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts.

11. <u>Inadvertent Production of Confidential Material</u>. If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production, and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document, or other material in question, and of the corrected confidential designation.

12. <u>Inadvertent Production of Privileged Material</u>. The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding. However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure

and the producing party does not request the return of the privileged matter within 10 days.

    **SO ORDERED.**

                                                      /s/Terrence G. Berg
                                                      Terrence G. Berg
                                                      United States District Judge

Entered: March 15, 2022

Stipulated to by:

s/ *Troy C. Otto*
Arthur J. Levasseur
Troy C. Otto
Fischer, Franklin & Ford
24725 W. 12 Mile Road, Suite 230
Southfield, MI 48034
(313) 962-5210
 levasseur@fischerfranklin.com
otto@fischerfranklin.com

*Attorneys for Plaintiff*

s/ *Patrick B. Green*
Patrick B. Green (P68759)
Angelina R. Delmastro (P81712)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500
pgreen@dickinsonwright.com
adelmastro@dickinsonwright.com

*Attorneys for Defendant*

s/ *Lauren W. Linderman*
Kerry L. Bundy, Bar #0266917
Kerry.Bundy@FaegreDrinker.com
Lauren W. Linderman, Bar #0398446
Lauren.Linderman@FaegreDrinker.com
Joshua N. Turner, Bar #0400279
Josh.Turner@FaegreDrinker.com
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000

Andrew J. Ball, Bar #51238
Andrew.Ball@FaegreDrinker.com
1144 15th Street, Denver, CO 80202
Telephone: (303) 607-3641

*Attorneys for Defendant*

10

EXHIBIT A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Oakland Family Restaurants, Inc.,
Lake Area Restaurants, Inc.,

    Plaintiffs,

vs

American Dairy Queen Corporation,
    Defendant.

Case No. 2:21-CV-12530-TGB
Honorable Terrence G. Berg

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I _____, (Print Name) acknowledge that I have read and that I understand the **Stipulated Protective Order** entered in this action and agree (i) to abide by its terms and conditions; (ii) not to use or divulge, under penalty of law, any documents, materials, or other information covered by the Stipulated Protective Order, including Confidential Information and Attorneys' Eyes Only Information, except as permitted by the terms of the Stipulated Protective Order; and (iii) to submit to the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division, for resolution of any issues arising under the Stipulated Protective Order.

Date: _____    Signed: _____

                                                          Printed: _____